UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **United States of America,** | ) | **CASE NO. 1:05 CR 472** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| vs. | ) | |
| | ) | |
| **Lafayette Foster,** | ) | <u>Order</u> |
| | ) | |
| **Defendant.** | ) | |

This matter is before the Court upon defendant's Motion to Withdraw His Previously Entered Guilty Plea Pursuant to Rule 32(d) (Doc. 15).  For the following reasons, the motion is denied.

**<u>Discussion</u>**

Defendant was indicted on one count for possession of a firearm in violation of 18 U.S.C. § 922(g)(1).  On February 9, 2006, defendant entered a plea of guilty to Count One.  Sentencing was set for May 4, 2006.  Defendant now seeks to withdraw his guilty plea.

Pursuant to Rule 11(d) of the Federal Rules of Criminal Procedure, a court may permit withdrawal of a guilty plea before sentencing upon a showing by the defendant of any "fair and

just reason." Granting a withdrawal is a matter within the broad discretion of the district court. *United States v. Goldberg*, 862 F.2d 101, 103 (6th Cir. 1988).

The aim of Rule 11(d) is "to allow a hastily entered plea made with unsure heart and confused mind to be undone, not to allow a defendant to make a tactical decision to enter a plea, wait several weeks, and then obtain a withdrawal if he believes that he made a bad choice in pleading guilty." *United States v. Alexander*, 948 F.2d 1002, 1004 (6th Cir. 1991) (citing *United States v. Carr*, 740 F.2d 339, 345 (5th Cir. 1984). The onus, therefore, is on the defendant to prove the existence of a "fair and just reason" supporting the withdrawal of his guilty plea. *United States v. Bazzi*, 94 F.3d 1025, 1027 (6th Cir. 1996).

In determining whether the defendant has proffered a "fair and just" reason, the court may consider the following factors: (1) the amount of time that elapsed between the plea and the motion to vacate; (2) the presence (or absence) of a valid reason for the failure to present the grounds for withdrawal at an earlier point in the proceedings; (3) whether the movant has asserted or maintained his legal innocence; (4) the circumstances underlying the entry of the guilty plea; (5) the nature and background of the defendant; (6) the defendant's previous experience with the criminal justice system; and (7) the potential prejudice to the government if the motion to withdraw is permitted. *Id*. at 1027. These factors do not comprise an exclusive list and no one factor is controlling. *Id*.

Defendant asserts one reason as a basis for allowing him to withdraw his guilty plea, i.e., there was no reasonable suspicion and/or cause to search and/or arrest him.

Consideration of the factors enumerated above warrant denial of the request to withdraw the guilty plea.

### 1. Time Elapsed Between Plea and Motion to Withdraw

Defendant's motion was filed 21 days after entering his guilty plea.  Plaintiff asserts that this was an excessive amount of elapsed time.  Although the Sixth Circuit has pointed to more significant periods of time as being a basis for the denial of a motion to vacate, *United States v. Alexander*, 948 F.2d 1002, 1003 (6th Cir.1991) (five month delay considered substantial), the court has also found that a motion to vacate a guilty plea filed 35 days after the plea was entered to be substantial.  *United States v. Spencer*, 836 F.2d 236 (6th Cir.1987).  Moreover the court has recognized that other circuits have denied motions to withdraw the guilty plea that were filed only 22 days after the defendant's guilty plea was entered. *Alexander, supra* (citing *United States v. Carr*, 740 F.2d 339 (5th Cir.1984) ).  Even assuming that this factor does not weigh against granting defendant's motion, the remaining factors militate in favor of denying the motion.

### 2. Reason for Delay in the Withdrawal

When there has been a long delay in the filing of a motion to withdraw, the court will closely scrutinize the defendant's reasons for delaying the motion.  *United States v. Triplett*, 828 F.2d 1195 (6th Cir. 1987).  A defendant must offer justifiable reasons for neglecting to raise the grounds for vacating the plea at some earlier point in the proceedings.  *Alexander*, 948 F.2d at 1004.  Defendant herein presents no reason for waiting three weeks to file his motion.

While defendant generally asserts that he has a just reason for withdrawing his plea in that there was no reasonable suspicion or cause to search or arrest him, this appears to reflect a "tactical consideration" which does not justify withdrawal of the plea.  Moreover, defendant would have been aware of these circumstances at the time of his plea which generally prohibits him from asserting them as a basis for withdrawal. *U.S. v. Murray*, 66 Fed.Appx. 600, 606 (6th

3

Cir. 2003) (citations omitted) (Where a defendant is aware of a condition or reason for a plea withdrawal at the time the plea is entered, a case for withdrawal is weaker).

This factor, therefore, weighs against granting the motion.

### 3. Defendant's Assertion of Innocence

Defendant has not claimed that he is innocent. "The absence of a defendant's vigorous and repeated protestations of innocence support the denial of a motion to withdraw his guilty plea." *United States v. Beasley*, 73 Fed. Appx. 119, 122 (6th Cir. 2003) (citing *United States v. Baez*, 87 F.3d 805, 809 (6th Cir. 1996) ). As in *Beasley*, the defendant "failed to maintain his innocence, and admitted his guilt at the plea hearing." *Id.*

Thus, this factor, as well, does not support defendant's request.

### 4. Circumstances of the Guilty Plea

A defendant may attempt to withdraw his plea on the basis that it was not knowing and voluntary. *U.S. v. Valdez,* 362 F.3d 903 (6th Cir. 2004). Defendant, however, fails to assert as much and does not address the circumstances of his plea. Plaintiff, in fact, asserts that this Court carefully followed the provisions of Federal Rule of Criminal Procedure 11 in taking defendant's guilty plea. Defendant has not asserted otherwise.

Accordingly, this factor does not weigh in defendant's favor.

### 5. Defendant's Nature, Background, and Prior Experience with the Criminal Justice System

Defendant does not address this factor. Plaintiff, however, points out that defendant had 16 criminal history points at the time of his guilty plea. Indeed, the Indictment itself indicates that defendant had at least two prior convictions punishable by a term of imprisonment of more than one year. Thus, it can be assumed that defendant was "able to understand the nature of his

4

plea, and had a substantial familiarity with the criminal justice system." *See Beasley,* 73 Fed. Appx. at 123.

Thus, this factor weighs against granting defendant's motion.

### 6. **Potential Prejudice to the Government**

Prejudice to the government need not be considered unless the defendant has provided a "fair and just" reason for vacating his plea. *Alexander*, 948 F.2d at 1004. As defendant has failed to establish a basis for withdrawal under Rule 11, there is no need for the Court to consider whether prejudice to the government would result.

### **Conclusion**

For the foregoing reasons, Defendant's Motion to Withdraw Guilty Plea is denied.

IT IS SO ORDERED.

      /s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Judge

Dated: 3/29/06